1
2
3      **UNITED STATES DISTRICT COURT**
4      **DISTRICT OF NEVADA**
5
6    ROGER STEWART,                      )
          #79447                         )
7                                        )
              Plaintiff,                 )          2:10-cv-01894-PMP-RJJ
8                                        )
     vs.                                 )
9                                        )          **ORDER**
     HOWARD SKOLNIK, *et al.*,           )
10                                       )
                                         )
11            Defendants.                )
     _____    /
12

13          This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's application

14   to proceed *in forma pauperis* is granted (docket #1).  The court now reviews the complaint.

15   **I. Screening Standard**

16          Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

17   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. §

18   1915A(a).  Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a

19   prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

20   "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant

21   who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks

22   an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may,

23   therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

24   where the factual contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether a

25   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson

26   v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

/ / /

## II.  Instant Complaint

Plaintiff, who is incarcerated at High Desert State Prison ("HDSP"), has sued Nevada Department of Corrections ("NDOC") Director Howard Skolnik, NDOC Deputy Director James G. Cox, HDSP Warden Dwight W. Neven, Associate Warden of Programs ("AWP") Cole Morrow, Associate Warden of Operations ("AWO") Isidro Baca, corrections officers Palalay, Owens, Aschraft, and Prater, caseworkers K. Mellinger, W. Venneman, NDOC Offender Management Division ("OMD") Chief Rex Reed, and Doe defendants.  Plaintiff alleges violations of his First and Eighth Amendment rights, his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") as well as his Fourteenth Amendment due process rights.

With respect to plaintiff's First and Eighth Amendment and RLUIPA (42 U.S.C. §§ 2000cc to 2000cc-5) claims, set forth in counts I and II, he alleges that defendants refuse to change his cell assignment in order that he be celled with a fellow Wiccan.  He states that his cellmates (past and current) are Christian and that he is unable to conduct his rituals and otherwise practice his religion in his cell because "this causes perceived disrespect and problems (potential violence) between plaintiff and his cellmate/s."  Defendants have informed plaintiff that inmates are not celled according to religious preference, but based on institutional need only.  Plaintiff claims generally that this puts his safety at risk and that it unconstitutionally burdens his freedom to exercise his religion if he may only practice at the HDSP chapel once a week.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  Under the Eighth Amendment, "[p]rison officials have a duty to take reasonable steps to protect inmates from physical abuse."  *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001).  With respect to the First Amendment, "[t]he right to exercise religious practices and beliefs does not terminate at the prison door.  The free exercise right, however, is necessarily limited by the fact of incarceration, and may be

curtailed in order to achieve the legitimate correctional goals or to maintain prison security," McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987).  Under RLUIPA, prison officials must show that the burden imposed on religious exercise is in furtherance of a compelling governmental interest and is the least restrict means of furthering that compelling government interest.  *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008).

In counts I and II plaintiff fails to allege any actual injury or imminent threat of actual injury. *Farmer*, 511 U.S. at 837; *Hydrick*, 466 F.3d at 689.  He simply states that it is the "general personal knowledge" and the "common and/or obvious knowledge" of all defendants that incompatible cellmates can lead to violence, and that that violates his Eighth Amendment and religious freedom rights. Accordingly, counts I and II are dismissed for failure to state a claim for which relief may be granted. Count III is a state tort claim for intentional and/or negligent infliction of emotional distress related the allegations in counts I and II.  The court declines to exercise its supplemental jurisdiction over these state-law causes of action.  28 U.S.C. § 1367 (c)(3).

In count IV, plaintiff claims the following:  that the "STOP" program, which sex offenders are required to complete prior to psych panel and parole review, is not offered at HDSP.  Plaintiff was in phase 3 of 4 of the program while at Lovelock Correctional Center when he was involuntarily transferred to HDSP.  Plaintiff was denied parole in August 2010 because he had not completed the program.  He asserts that defendants Morrow, Baca, Neven, Cox, Skolnik and Does have made the deliberate decision not to provide the STOP program at HDSP, knowing that inmates at HDSP need to complete the program in order to pass psych panel and parole board review.   Plaintiff claims that defendant Reed directed that he be assigned to HDSP, knowing that the STOP program is not provided there, and that defendants Venneman, Morrow, Neven and Cox denied his grievances.  Plaintiff claims that his Fourteenth Amendment due process rights have been violated.

With respect to plaintiff's due process claims, "[p]risoners . . . may not be deprived of life, liberty or property without due process of law . . . .[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature

of the regime to which they have been lawfully committed . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law holding that states created protectable liberty interests by way of mandatory language in prison regulations. *Id*. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id*. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

In *Sandin*, the Court focused on three factors in determining that plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Sandin*, 515 U.S. at 486-87. Plaintiff's allegations implicate the length of his sentence; he sets forth a protectable liberty interest and states a Fourteenth Amendment due process claim against the defendants named in count IV.          N o other claims are stated in this complaint.

## III. Conclusion

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

/ / /

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Roger Stewart, **Inmate No. 79447** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

**IT IS FURTHER ORDERED** that counts I, II and III are **DISMISSED**.

**IT IS FURTHER ORDERED** that count IV **MAY PROCEED**.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants.  As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

1      **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an

2  appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other

3  document submitted for consideration by the court.  Plaintiff shall include with the original paper

4  submitted for filing a certificate stating the date that a true and correct copy of the document was mailed

5  to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff

6  shall direct service to the individual attorney named in the notice of appearance, at the address stated

7  therein.  The court may disregard any paper received by a district judge or a magistrate judge that has

8  not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

9

10  DATED:  December 21, 2010.

11

12                                  _____

13                                    PHILIP M. PRO
United States District Judge